1  MARIO R. NICHOLAS (SB #273122)
   mario.nicholas@stoel.com
2  STOEL RIVES LLP
   760 SW Ninth Avenue, Suite 3000
3  Portland, OR  97205
   Telephone:  503.224.3380
4  Facsimile:  503.220.2480

5  NICHOLAS D. KARKAZIS (SB #299075)
   nicholas.karkazis@stoel.com
6  STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
7  Sacramento, CA 95814
   Telephone:  916.319.4677
8  Facsimile:  916.447.4781

9
   Attorneys for Plaintiff
10 JH KELLY, LLC

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13                         SACRAMENTO DIVISION

14 JH KELLY, LLC,                        Case No.  2:20-at-00985

15              Plaintiff,               COMPLAINT FOR BREACH OF
                                         CONTRACT, NEGLIGENCE,
16      v.                               EQUITABLE INDEMNITY AND
                                         CONTRIBUTION
17 ED STAUB & SONS PETROLEUM, INC.,
                                         DEMAND FOR JURY TRIAL
18              Defendant.

19

20      JH Kelly, LLC, for its Complaint herein, alleges as follows:

21                            THE PARTIES

22      1.      Plaintiff JH Kelly, LLC ("JHK") is a Washington limited liability company.  JHK

23 is duly licensed to do business in the State of California as a contractor under Contractors State

24 License Board No. 991732.

25      2.      Upon information and belief, Defendant Ed Staub & Sons Petroleum, Inc.

26 ("Staub") is now, and at all relevant times was, a California corporation with its headquarters in

27 Klamath Falls, Oregon.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.                    -1-

105170572.5 0034592-00012

JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     Venue is proper in this District Court under 28 U.S.C. § 1391(b).

FACTS

5.     This lawsuit arises out of work performed by JHK, as subcontractor, for AECOM Technical Services, Inc. ("AECOM"), as prime contractor, on a private construction project generally known as the Burney K2 Replacement Project, owned by Pacific Gas and Electric Company ("PG&E") and located near the City of Burney, Shasta County, California (the "Project").

6.     JHK entered into an agreement with Staub for Staub, as a subcontractor, to provide refueling services in connection with the Project.  Pursuant to the parties' agreement, JHK contacted Staub when it required Staub to deliver fuel to the Project and, on information and belief, Staub assigned an invoice and purchase order number to memorialize JHK's order.  Staub then issued a receipt to JHK for signature.

7.     On or about October 13, 2017, JHK and Staub agreed that Staub would refuel certain equipment at the Project the following day.  The same day, October 13, the Staub employee who planned to drive the truck on October 14 (the "Driver") visited the Project site to familiarize himself with the route and equipment.  JHK's onsite personnel instructed the Driver that, among other things, he must always use a "spotter" when driving the truck in reverse at the Project.

8.     On or about October 14, 2017, the Driver struck an above-ground four-inch pressurizing valve extension pipe at the Project while driving his truck in reverse (the "Valve Strike").

9.     On information and belief, the Driver did not use a spotter at the time of the Valve Strike.

10.     The Driver summarized the Valve Strike as follows:

Stoel Rives LLP
Attorneys At Law
Portland

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.                    -2-
105170572.5 0034592-00012

> This morning I was delivering diesel to JH Kelly job. I pulled through a spot alongside piping to fill up a compressor. After filling the compressor I walked back to see where I was backing up. I tried to follow my tracks in but got off. I was moving slowly a[nd] felt a bump. I pulled ahead and got out to see. I hit a stand pipe that was sticking up about 4 feet. I pulled ahead and made my way through and stopped….

11.     As a direct result of the Valve Strike, AECOM withheld payment to JHK on the Project in the amount currently estimated to be $805,406.71.

12.     As a further result of the Valve Strike, in part, on or about June 28, 2019, AECOM filed a Cross-Complaint (the "AECOM Cross-Complaint") against JHK in a lawsuit captioned, *JH Kelly, LLC v. AECOM Technical Services, Inc., et al.* in Shasta County Superior Court, Case No. 192600 (the "State Court Lawsuit").  AECOM asserted claims against JHK for (i) breach of contract, (ii) breach of express covenants of good faith and fair dealing, (iii) breach of implied covenant of good faith and fair dealing, (iv) negligence, (v) express indemnity, (vi) equitable indemnity, and (vii) declaratory judgment. *See* AECOM Cross-Complaint ¶¶ 51-76.  A true and correct copy of the AECOM Cross-Complaint is attached hereto as **Exhibit A** without admitting the allegations therein.

13.     In the State Court Lawsuit, AECOM alleges that it incurred damages in the amount of $805,406.71 as a result of the Valve Strike, as follows: $777,701.91 in withholdings from PG&E, and $27,704.80 in direct labor costs to AECOM.  *See id.* ¶ 53(a).

14.     Following a number of procedural events (consolidation, removal, and transfer), the claims asserted in the AECOM Cross-Complaint are currently pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") in a Consolidated Adversary Proceeding, with Case No. 20-03019 (DM) as the lead case (the "Consolidated Adversary Proceeding").  The Consolidated Adversary Proceeding is subject to a *Joint Motion for Permissive Withdrawal of the Reference* pending in the United States District Court for the District of Northern California, Case No. 20-05381 (HSG), pursuant to which the parties to the Consolidated Adversary Proceeding have requested that the United States District Court for the District of Northern California withdraw the reference of the Consolidated

Stoel Rives LLP
Attorneys At Law
Portland

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.
-3-

105170572.5 0034592-00012

1   Adversary Proceeding from the Bankruptcy Court.

2                              FIRST CLAIM FOR RELIEF

3                              (BREACH OF CONTRACT)

4          15.     JHK realleges and incorporates by this reference, as if set forth fully herein, the

5   allegations in paragraphs 1 through 14 above.

6          16.     JHK entered into an agreement with Staub for Staub, as a subcontractor, to provide

7   refueling services in connection with the Project.

8          17.     JHK has performed all conditions, covenants, and promises required on its part to

9   be performed in accordance with the terms and conditions of the parties' contract.

10         18.     Staub breached the parties' contract by damaging PG&E's property during the

11   course of the Valve Strike.

12         19.     As a result of Staub's breach, JHK has incurred damages in an amount to be

13   proven at trial.

14                            SECOND CLAIM FOR RELIEF

15                              (NEGLIGENCE)

16         20.     JHK realleges and incorporates by this reference, as if set forth fully herein, the

17   allegations in paragraphs 1 through 19 above.

18         21.     Staub failed to perform its work with the skill and care reasonably expected of a

19   similarly situated contractor or supplier, by failing to perform work without damage to property

20   and failing to perform work in a safe manner.

21         22.     As a result of Staub's negligent acts, errors, and omissions, JHK has incurred

22   damages in an amount to be proven at trial.

23                              THIRD CLAIM FOR RELIEF

24                              (EQUITABLE INDEMNITY)

25         23.     JHK realleges and incorporates by this reference, as if set forth fully herein, the

26   allegations in paragraphs 1 through 22 above.

27         24.     Without admitting the allegations contained in the AECOM Cross-Complaint,

28   JHK alleges that if JHK is found liable to AECOM for all or any portion of the alleged damages

Stoel Rives LLP
Attorneys At Law
Portland

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.                    -4-

105170572.5 0034592-00012

1   regarding the Valve Strike, or pays any amount to AECOM by way of settlement, judgment, or

2   otherwise regarding the Valve Strike, JHK is informed and believes that such liability will be due

3   solely to the acts, omissions, negligence, breach of contract, or other fault of Staub in connection

4   with the Valve Strike and the Project.  Therefore, any liability of JHK for the Valve Strike is

5   vicarious, passive, or derivative only, arising not from JHK's acts or omissions, but solely from

6   the acts, breaches, and omissions of Staub.

7         25.    By reason of the foregoing, if AECOM recovers any amount against JHK

8   regarding the Valve Strike, JHK will be entitled to full and complete indemnity from Staub for

9   any amounts JHK pays by way of settlement, judgment, or otherwise, together with all costs and

10   expenses incurred by JHK in defending against the Valve Strike claims in this action, including

11   but not limited to reasonable attorneys' fees and costs.

12                     FOURTH CLAIM FOR RELIEF

13                         (CONTRIBUTION)

14         26.    JHK realleges and incorporates by this reference, as if set forth fully herein, the

15   allegations in paragraphs 1 through 25 above.

16         27.    In the alternative to JHK's Third Claim for Relief (Equitable Indemnity), if

17   AECOM recovers any amount against JHK**,** then JHK is entitled to apportionment of liability

18   and contribution from Staub for its share of any payment JHK makes, in proportion to the

19   comparative negligence or fault of Staub in causing damages, and JHK is entitled to

20   reimbursement from Staub for any payments made in excess of JHK's proportional share, if any,

21   of fault or negligence contributing to AECOM's damages, if any, for the Valve Strike.

22                     RESERVATION OF RIGHTS

23         28.    JHK hereby expressly reserves the right to amend its Complaint and assert

24   additional damages and causes of action based on facts pled and facts learned through discovery.

25                     PRAYER FOR RELIEF

26   WHEREFORE, JHK respectfully demands judgment as follows:

27         1.    On its First and Second Claims for Relief, for judgment against Staub in an

28             amount to be proven at trial;

Stoel Rives LLP
Attorneys At Law
Portland

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.   -5-

105170572.5 0034592-00012

2. On its Third Claim for Relief, for complete equitable indemnity as set forth herein, including without limitation reimbursement of JHK's reasonable attorneys' fees and costs incurred by JHK in response to AECOM's claims regarding the Valve Strike to the extent permitted by law;

3. On its Fourth Claim for Relief, and in the alternative to its Third Claim for Relief, for apportionment of liability and/or contribution as set forth herein, including without limitation reimbursement of JHK's reasonable attorneys' fees and costs incurred by JHK in response to AECOM's claims regarding the Valve Strike to the extent permitted by law;

4. On all Claims for Relief, for costs of the suit herein incurred; and

5. For such other and further relief as the Court may deem equitable.

<u>DEMAND FOR JURY TRIAL</u>

JHK hereby demands a trial by jury of all issues in this case. DATED:  October 7, 2020

STOEL RIVES LLP

By:  *s/ Mario R. Nicholas*
MARIO R. NICHOLAS (SB #273122)
mario.nicholas@stoel.com
NICHOLAS D. KARKAZIS (SB #299075)
nicholas.karkazis@stoel.com

Attorneys for Plaintiff
JH KELLY, LLC

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

COMPLAINT FOR BREACH OF
CONTRACT, NEGLIGENCE, ET AL.

-6-

105170572.5 0034592-00012

1  C. Scott Penner (SBN 124826)
Carney Badley Spellman, P.S.
2  701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
3  Tel: 206-622-8020

4
Robert M. Harding (SBN 101751)
5  Randall C. Nelson (SBN 138298)
Carr, Kennedy, Peterson & Frost
6  420 Redcliff Drive
Redding, CA 96002
7  Tel: 530-222-2100

8

9  Attorneys for Defendant *AECOM Technical Services, Inc.*

10

11

**F I L E D**

**JUN 2 8 2019**

CLERK OF THE SUPERIOR COURT
BY: G. HOYT, DEPUTY CLERK

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
IN THE COUNTY OF SHASTA

12  JH KELLY, LLC, a Washington limited
liability company,
13
                    Plaintiff,
14
          v.
15  AECOM TECHNICAL SERVICES, INC., a
purported California corporation, and DOES
16  1 through 10, inclusive,
17                    Defendants.

NO. 192600

**DEFENDANT AECOM TECHNICAL
SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF
JH KELLY, LLC**

18

19                              **CROSS-COMPLAINT**

20       Defendant AECOM Technical Services, Inc. ("AECOM") states its cross-complaint

21  against Plaintiff JH Kelly, LLC ("JH Kelly") as follows:

22                              **I.     PARTIES**

23       1.       AECOM is a California corporation with its principal place of business in Los

24  Angeles, California.

25

26

27

28

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 1
AEC002-0006 5837681

1    2.     JH Kelly is a Washington limited liability company with its principal place of

2  business in Longview, Washington.  JH Kelly describes itself as "one of the largest industrial

3  mechanical contractors in the nation."[1]

4               **II.     FACTS RELEVANT TO THE CLAIMS**

5  **A.     Introduction**

6    3.     This dispute arises from delays and cost overruns experienced during the

7  construction of a replacement compressor station in Burney, California (the "Burney Station"),

8  a crucial component of Pacific Gas and Electric Company's ("PG&E") natural gas distribution

9  system.  The Burney Station is one of nine gas compressor stations essential to the delivery of

10 gas along more than 40,000 miles of PG&E's gas distribution pipelines.  The Burney Station,

11 along with the other compressor stations, compresses and distributes natural gas through

12 PG&E's pipelines, which provide natural gas to approximately 4.2 million customers from

13 Bakersfield, California to the southern Oregon border.

14   4.     PG&E entered into an Engineering, Procurement and Construction of Natural

15 Gas & Electric Transmission Facilities Agreement ("EPC Agreement") with AECOM to design,

16 supply and construct the replacement Burney Station, which the parties generally referred to as

17 the "Burney K2 Replacement Project" or the "Project."

18   5.     To complete the construction of the compressor station, AECOM entered into a

19 subcontract with JH Kelly ("Subcontract").  Under the Subcontract, which incorporates the terms

20 of the EPC Agreement with some modification, JH Kelly agreed to construct the replacement

21 compressor station, to supply some material, and be responsible for construction planning and

22 scheduling.  Generally, the Project required the design, supply and construction of new

23 improvements to replace the aging and obsolete facilities serving the PG&E's gas pipeline.  This

24 included, but was not limited to, the construction of buildings to house the new equipment.  This

25 work included installation of significant lengths of large-bore underground facility piping,

26 electrical, pneumatic, and natural gas powered valves, motor control centers and switchgear,

27

28  [1] https://www.jhkelly.com/about.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 2
AEC002-0006 5837681

station controls, new above and below ground electrical wiring, domestic water, two fire suppression systems, new asphalt drives and parking, as well as general site grading, gravel, and fencing.

6.      The Project, however, experienced substantial cost overruns and delays.  In its Complaint, JH Kelly attributes the entirety of these increased costs and delays to AECOM, and attributes no responsibility to PG&E or to itself.  Accordingly, AECOM generally denies this indiscriminate attribution of responsibility for delay and increased costs to AECOM, and asserts that PG&E and JH Kelly's conduct contributed to such delays and increased costs.

7.      Specifically, and as further described below, JH Kelly's conduct directly and significantly interfered with the progress and completion of construction.  JH Kelly failed to supply an adequate number of workers and supervisors, which hampered the progress of work, including the electrical wire installation, field coating of gas pipe, and excavation work.

8.      JH Kelly also delayed completion of work on the critical path of the Project.[2]  In particular, JH Kelly's sequencing of construction activities and lack of appropriate staff to complete the work, coupled with its direction to its excavation contractor, created delays in certain excavation work related to the installation of underground electrical conduit—work that must be completed before the foundations of buildings may be constructed.  Likewise, JH Kelly's work to complete pulling wire through electrical conduit and terminating the connections was slow.  These delays caused damage to AECOM in the form of increased direct costs on the job and the assessment of liquidated damages by PG&E against AECOM.

9.      JH Kelly also consistently failed to follow proper safety practices on site, which in one instance resulted in PG&E demanding a change in JH Kelly's supervision, and also

---

[2] Construction project schedules reflect the contractor's plan for the sequence of events to complete the required work.  Schedules will often identify logical ties between the start and completion of one activity to the start of the next activity.  The "critical path" is the sequence of activities. The critical path is the sequence of activities (with zero schedule float or contingency) that must be completed to construct a project. This is also the sequence of activities that shows the minimal time in which a project can be completed.  Generally speaking, if there is a delay in one activity on the critical path, the project will be delayed. The critical path is not completely static, as delays to activities not on the critical path can create situations where that activity can become critical to complete before other progress can be made.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 3
AEC002-0006 5837681

1    required AECOM to provide additional site safety and supervisory personnel.  JH Kelly's lack

2    of attention to safety resulted in a near-catastrophic accident on site when its fuel supplier drove

3    a fully-loaded fuel truck on site without adequate supervision or safety spotters - in violation of

4    protocol - and backed into a live gas main, causing extensive damage to the pipeline.  JH Kelly

5    has failed to indemnify both AECOM[3] and PG&E for the damages associated with this incident.

6    As a result, PG&E withheld its damages from AECOM, which AECOM in turn withheld from

7    JH Kelly as permitted by the Subcontract.

8         10.     Moreover, JH Kelly committed numerous breaches of the Subcontract over the

9    course of the Project, as detailed below, including, but not limited to: failing to complete its

10   contractually-required scope of work; performing defective work; failing to comply with the

11   contractual requirements for owner-related claims; and breaching its duty to cooperate and act

12   in good faith with AECOM in presenting such to PG&E.  By way of example, JH Kelly alleges

13   that its work was delayed and impacted by the late delivery of, and substantial changes to, the

14   final electrical design drawings (referred to in the Complaint as the "IFC Electrical").  JH Kelly

15   blames these delays and impacts on AECOM, but JH Kelly is well aware that such delays and

16   impacts were caused by PG&E, and that PG&E's delayed approvals to purchase associated

17   equipment further exacerbated the problem.  Rather than cooperate with AECOM in presenting

18   and prosecuting a claim for the delay and impacts to PG&E, as required by the Subcontract, JH

19   Kelly is pursuing AECOM.

20        11.     Under the terms of the Subcontract, AECOM is entitled to recover for the

21   various breaches of contract, the assessment of liquidated damages imposed by PG&E for JH

22   Kelly-caused delays, and for AECOM's direct costs.  These direct costs include, but are not

23   limited to, increased site supervision, increased engineering support, and additional site safety

24   and construction management personnel costs.

25

26

27   _____

    [3] AECOM incurred costs for the addition of extra supervisory and safety staff to ensure JH Kelly's

28   performance.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 4
AEC002-0006 5837681

**B.     Basis of AECOM Bid, EPC Agreement and JH Kelly Subcontract**

12.     PG&E solicited bids for the Project on August 3, 2015.   In its request for proposal (the "RFP"), PG&E included information upon which bidders were supposed to rely in preparing their bids.

13.     The RFP included a "30% Design Deliverables package [that] was developed in 2014 by others[,]"  and expressly stated that "[i]t is the intent of this RFP that a minimum of changes be made to the existing 30% Design Deliverables."

14.     AECOM submitted its lump sum bid in reliance on this representation, along with other representations made in the RFP.

15.     AECOM provided JH Kelly a copy of the RFP.

16.     JH Kelly admits it received the RFP and used it to develop a proposal for the performance of the construction work on the Project.

17.     The cost of the work, construction scope, and the project schedule, which are set out in the EPC Agreement and Subcontract, were based on the representations made by PG&E in the RFP, including its representation that it wanted a minimum of changes to the design.

18.     PG&E ultimately awarded the Project to AECOM and a kick-off meeting was held on January 19, 2016.

19.     AECOM then commenced the design phase of the Project.   However, the progress of the design was immediately impacted by numerous and substantial design changes made by PG&E.   At the very outset of the design phase, PG&E's lead electrical engineer informed AECOM that PG&E was rejecting its own electrical design that it used as the foundation for the RFP.   This meant AECOM would be developing that design from scratch.

20.     Meanwhile, PG&E also: (i) agreed to contractual terms with the supplier of the turbine-driven compressor unit (the equipment that actually moves the gas through the pipeline) that conflicted with the terms and conditions of the EPC Agreement with AECOM, resulting in delays to procurement of the unit and incorporation of technical requirements of that equipment into the Project design; (ii) added new buildings to be designed and constructed (e.g., a new

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 5
AEC002-0006 5837681

hazardous materials storage building), (iii) expanded the footprint and scope of other buildings (e.g., the new control building (auxiliary building) and fire water pump house were expanded); (iv) changed the concept for how the compressor station electrical systems would be controlled by requiring a "smart" motor control centers; (v) changed the diameters of the suction and discharge headers; and (vi) changed the power source for some control valves from pneumatic to gas. PG&E then refused to authorize the purchase of the equipment to meet its new "smart" control center requirements.

21.     At each of the design review (30%, 60% and 90%) steps required by PG&E, PG&E, AECOM and JH Kelly attended and participated in a design review meeting.[4] Thus, JH Kelly, through its participation in the design review meetings, was aware of all these changes.

22.     Despite the substantial design changes, AECOM surmounted these obstacles and progressed the design to near-completion by October 2016.

23.     When the design of the Project was nearly complete, AECOM entered into the Subcontract with JH Kelly dated October 21, 2016, pursuant to which JH Kelly agreed to provide all the necessary staff and supervision to complete the construction work for the Project for the agreed Contract Price of $14,341,281. JH Kelly's scope of work included all construction-related activities to complete the Project. A copy of the Subcontract (excluding some exhibits as the entire Subcontract consists of 2259 pages) was attached as Exhibit A to JH Kelly's Complaint, the terms of which are incorporated by reference herein.

**C.     JH Kelly's Duties, Representations and Obligations under the Subcontract**

**JH Kelly's Representations & Warranties**

24.     In entering into the Subcontract with AECOM, JH Kelly made material representations, which AECOM relied upon, including but not limited to:

    i.      that it would "carefully review all the Contract Documents for any conflicts or ambiguities" (Article 1.4.1);

---

[4] After JH Kelly was awarded the contract, AECOM compensated JH Kelly for attending the design review meetings to ensure its understanding of the scope of the work it was being asked to perform and to provide any input on potential changes or construction issues.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 6
AEC002-0006 5837681

ii.     that "it has examined the Site and the Contract Documents prior to executing this Agreement so as to reasonably ascertain the nature of the Work[5] and the various conditions affecting the Work" (Article 2.2.1);

iii.    that it would "perform all construction services efficiently and with the requisite expertise, skill and competence to satisfy the requirements of the Contract Document and the project Schedule" (Article 2.3.1);

iv.     that "[i]n the event of any inconsistency, conflict or ambiguity between or among the Contract Documents, the more stringent provision of this Agreement will apply as it relates to Subcontractor's scope of Work, determined by a standard of good faith and reasonableness" (Article 1.4.2);

v.      that it would fully cooperate and act in good faith in performing its obligations under the Subcontract (Article 1.5.1);

vi.     that its Work would be "of good quality, in conformance with the Contract Documents and free of defects in materials and workmanship" (Article 2.14);

vii.    that it would "immediately" bring "omissions from the drawings or specifications or the misdescription of details of Work..." to the attention of AECOM via a Request for Information (RFI) "prior to the commencement of any work" (Article 2.17); and

viii.   JH Kelly agreed that "[v]ariations in quantities from as-bid shall be brought to the attention of Design-Builder via a Request for Information (RFI) prior to any purchase of materials" (Article 2.17).

**Timing & Schedule Obligations**

25.     JH Kelly also agreed that "time [wa]s of the essence" in performing the work, (*see* Article 5.3.12), and made additional promises with respect to timely performance of the Work. (Article 5.2.1).

---

[5] "Work" is a defined term in the Subcontract and generally refers to all of JH Kelly's scope of work to complete the Project.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 7
AEC002-0006 5837681

26.     To that end, the Subcontract obligated JH Kelly to provide AECOM with the schedule for the construction-related activities, as part of its duty to participate in and cooperate with the development of the Project schedule.  (Article 5.2.2).

27.     In the event that PG&E or AECOM directed changes to the schedule or sequence of operations for the Work, and such direction impacted JH Kelly's costs, the Subcontract required JH Kelly to follow the procedures set forth in Articles 5, 12 and 13 of the Subcontract in order to obtain compensation and/or schedule extensions for such changes.

28.     And in the event there were delays caused by PG&E, JH Kelly agreed it would properly document such delays and follow the contractual process set forth in the EPC Agreement to resolve claims arising out of these delays (Article 13.3).

29.     JH Kelly also agreed that if JH Kelly was responsible for delays, it would compensate and indemnify AECOM for all such costs and expenses, including but not limited to any liquidated damages assessed by PG&E.  (Article 5.4.5).  And in the event delays or damages were caused by JH Kelly and another entity for which JH Kelly was not liable, AECOM could "reasonably apportion such damages amongst the responsible parties."  (Article 5.4.5).

### Property Damage Obligations

30.     JH Kelly also agreed to indemnify, hold harmless and defend AECOM against any claims for damages to property.  (Article 11.4.1).

31.     In the event that JH Kelly caused damage to property, failed to complete work, or its work was defective or deficient, AECOM is entitled to withhold payments if it determined JH Kelly was "not entitled to all or part of an Application for Payment" and for any claims or backcharges remaining unpaid; or where JH Kelly's insurance company refused to promptly defend AECOM or PG&E for such claims.  (Articles 7.4.1. and 7.4.2).

**D.     Dispute Resolution Requirements**

32.     The provisions in the Subcontract governing disputes provide that to the extent any "claim, dispute or controversy arises out of, or relates to, problems caused by Owner or for

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 8
AEC002-0006 5837681

which Owner is responsible ("Owner Disputes")," then JH Kelly would resolve such claims pursuant to the dispute resolution clause set forth in the EPC Agreement. (Article 13.3.1).

33.     The Subcontract also requires JH Kelly "to cooperate in the presentation and prosecution or defense of Owner Disputes" and, at AECOM's determination, where the entitlement to additional compensation is the responsibility of PG&E, present such requests for an extension of time or additional compensation to Owner. *Id.*

34.     Article 13.3 further provides:

13.3.2 Notwithstanding any other provisions herein to the contrary, Design-Builder and Subcontractor each agree to accept the relief as to time extension of addition compensation obtained from the Owner, if any, as well as all other aspects of the final decision following appeal or the expiration of the time for appeal, as full and final resolution of any Owner Dispute.

13.3.3 If Design-Builder asserts a claim against Owner involving Subcontractor, each party shall bear its own costs for outside counsel and third-party consultants retained to prosecute claims against Owner and for any other litigation costs. Each party shall present its portion of the claim to Owner.

E.     **JH Kelly's Performance on the Project**

## JH Kelly Delay

35.     JH Kelly failed to perform the work by failing to provide enough qualified workers and failing to properly sequence the work, which delayed the timely completion of the Project. More specifically, JH Kelly caused delays by failing to adjust its construction plan (the order in which the work is done) to ensure its work force was progressing the work. And, JH Kelly did not provide adequate supervision to efficiently complete work. JH Kelly also opted to prioritize non-critical work over critical path work (*i.e.*, work that if delayed would impact the timely completion of the Project). In addition, JH Kelly's work to complete pulling the wire through the conduit pipe and making the connections was slower than it should have been even considering other impacts to the work. These delays caused damage to AECOM, including but not limited to, increased direct costs on the job and the assessment of liquidated damages by PG&E against AECOM.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 9
AEC002-0006 5837681

### Failure to Perform Scope (Incomplete or Defective Work)

36.     JH Kelly failed or refused to perform certain scopes of work under the Subcontract, including but not limited to, certain demolition work, certain painting and coating work, and the application of protective coatings for certain above and below-ground piping.

37.     JH Kelly similarly failed to perform underground pipe coating[6] (as determined in the field by PG&E) which protects the pipe from corrosion, certain asphalt and paving work, and underground water piping in a manner that was free of defects.  These, and other defects in JH Kelly's work, caused AECOM to repair and/or redo work at additional costs to AECOM.  In addition, AECOM has incurred costs related to rectifying other incomplete or defective work including but not limited to:

a)     Faulty heat tracing insulation;

b)     Faulty door installation;

c)     Incomplete placement of rock/gravel;

d)     Omission of a vapor barrier at the Fire Water Pump House;

e)     Installation of a well pump with incorrect voltage;

f)     Solar rework to realign the compressor;

g)     Balancing the compressor building exhaust louvers;

h)     Installing out of spec concrete in the Compressor Building slab foundation; and

i)     Demobilization of equipment, trailers and temporary power.

### The Valve Strike

38.     On or about October 14, 2017, a fuel truck operated by a supplier of JH Kelly and for which JH Kelly was responsible, negligently struck a pressurized valve at the site. Pursuant to the Subcontract, AECOM tendered the claim to JH Kelly for defense and indemnity,

---

[6] The various contract documents include specifications for the application of protective coatings for all gas pipe. JH Kelly was responsible to apply such coatings in the field in accordance with these specifications. PG&E then used specified testing procedures to ensure that the field or shop applied coatings met the PG&E specification requirements. PG&E's testing found numerous defects in JH Kelly's work, which required JH Kelly to redo the work that filed the PG&E testing.  AECOM incurred additional costs related to its on-site personnel for such rework.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 10
AEC002-0006 5837681

but this claim has yet to be resolved by JH Kelly or its insurer. The valve damage also shut down work at the site and had a detrimental impact on the progress of work for several days. AECOM is entitled to indemnity and defense, and has a right to offset such amounts from the amounts claimed by JH Kelly against AECOM.

### Insufficient Staffing

39.     JH Kelly failed to provide adequate staffing to ensure proper supervision and efficient performance of its work. This included on site supervision/construction management as well as inadequate safety oversight personnel. In particular, PG&E often complained of JH Kelly's supervision, or lack thereof, and its poor safety performance. As a result, AECOM incurred costs to provide additional staff to support the work.

### Failure to Cooperate

40.     The Subcontract requires JH Kelly to cooperate with AECOM in presenting and prosecuting its claims for damages for extra work and delays caused by the actions of PG&E, which requirements are set forth in more detail *supra* at ¶¶ 27-28 and 32-34. But JH Kelly has routinely refused to comply with its contractual requirements and insists on prosecuting such claims solely against AECOM. (*See, e.g.*, JH Kelly Compl. ¶¶5, and 25-77). In particular, JH Kelly has failed to provide the documentation required under the Subcontract to support its claim for additional compensation (and as repeatedly requested by AECOM). This has directly impaired AECOM's ability to present to PG&E JH Kelly's claims for additional compensation related to PG&E conduct.

41.     Further, JH Kelly has actively impeded AECOM's efforts to have these disputes resolved with the participation of PG&E, as contemplated by the Subcontract.

42.     On January 13, 2019, prior to the initiation of any litigation involving the Project, PG&E publicly announced that it would be filing a voluntary Chapter 11 bankruptcy petition ("Bankruptcy Action") on January 29, 2019, in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court").

43.     On January 25, 2019, four days before the anticipated bankruptcy filing, JH Kelly filed a complaint for the foreclosure of its mechanics' lien ("Lien Foreclosure Action") against PG&E in Shasta County Superior Court, Case No. 191759.

44.     On January 29, 2019, the day of PG&E's bankruptcy filing, JH Kelly initiated this action against AECOM, also seeking recovery for the value of the same labor, services and materials claimed in the Lien Foreclosure Action against PG&E.

45.     Because JH Kelly's claims in this action seek damages for extra work and delays caused by the actions of PG&E, on March 3, 2019, AECOM removed and transferred this action to the Bankruptcy Court and filed a third-party complaint ("Third-Party Complaint") against PG&E in the Bankruptcy Action, as this would enable AECOM and JH Kelly to prosecute owner-related claims against PG&E despite its bankruptcy.

46.     Despite the obvious benefits of having all owner-related claims litigated simultaneously in a single forum with PG&E as a party, and despite the Subcontract's requirements that JH Kelly prosecute owner-related claims against PG&E, JH Kelly moved for remand of its claims against AECOM back to this court.  The Bankruptcy Court granted JH Kelly's motion, and in doing so severed AECOM's Third-Party Claim against PG&E and remanded JH Kelly's claims against AECOM to this court pursuant to 28 U.S.C. § 1452(b).

47.     JH Kelly's conduct and litigation tactics are a breach of the Subcontract, as well as a violation of its duty of good faith and fair dealing and duty to cooperate.

48.     Further, because JH Kelly has failed to exhaust its obligations to present and prosecute owner-related claims against PG&E, JH Kelly's claims relating to the actions of PG&E have not yet accrued and are not ripe for adjudication.

### JH Kelly's Mechanic's Lien

49.     On or about November 1, 2018, JH Kelly filed and recorded a Claim of Mechanics Lien ("Claim of Lien") in Shasta County asserting a claim against PG&E's interest in the Project, including the real property in Burney, California on which it is located, claiming $15,881,776.21, plus interest, which it has described as the amount representing "the principal

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 12
AEC002-0006 5837681

unpaid balance then owed to JH Kelly for the Project, excluding additional damages for schedule and productivity impacts."

50.     On information and belief, JH Kelly willfully overstated its Claim of Lien, including amounts that were subject to lien waivers executed by JH Kelly, and amounts that are not lienable under California law, in an effort to obtain leverage against AECOM.  Such conduct constitutes a breach of contract and a breach of its duty of good faith and fair dealing.

### III.     FIRST CAUSE OF ACTION
### (Breach of Contract)

51.     AECOM re-alleges and incorporates by reference herein its prior allegations set forth in paragraphs 1-50 above.

52.     AECOM has performed all of its material obligations required by the terms and conditions of the Subcontract.

53.     JH Kelly has failed to perform all of its material obligations required by the terms and conditions of the Subcontract.  JH Kelly's breaches of the Subcontract include, but are not limited to, the following:

> a.     **Valve Strike**: On or about October 14, 2017, a fuel truck operated by a supplier of JH Kelly and for which JH Kelly was responsible negligently struck a pressurized valve at the Project site.  AECOM tendered the claim to JH Kelly for defense and indemnity.  In breach of its contract, JH Kelly has not defended or indemnified AECOM in relation to this claim. On December 21, 2017, PG&E advised AECOM that it was withholding $777,701.91 for costs related to this damage.  AECOM incurred an additional $27,705 in costs as a result of the valve strike.

> b.     **Painting Scope**: The Subcontract Standard Terms and Conditions Section 1.1.1 requires JH Kelly to "provide all construction and other aspects of the Work consistent with the Contract Documents..."  JH Kelly was also required to notify AECOM of any conflicts or ambiguities in the Contract

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 13
AEC002-0006 5837681

Documents, or omitted or misdescribed work. (Standard Terms and Conditions Sections 1.1.1, 1.4.1, 1.4.2 and 2.17.1). The Project Specific Information Article 17 clearly states that JH Kelly is required to "[p]aint and coat the equipment, piping and related mechanical equipment in accordance with the requirements stated in Attachment 11 of this Specification." The Detailed Specification required JH Kelly to "Paint all above ground pipe and buildings." (*See*, Project Specific Information, Detailed Scope Paragraph 18 Miscellaneous Station Upgrades). The specification for the paint is included in the contract documents in the scope of work paragraph 4.6.17 (Painting and Coatings) and is based on the relevant PG&E Specifications (PG&E E-30 Selecting and Applying Coatings on Exposed Gas Piping; and PG&E E-31 Rev.00: Specifications for Application of Protective Coating to Meters, Regulators, Valve and Connected Piping). AECOM made demand to JH Kelly to complete this work on multiple occasions. In breach of its contract, JH Kelly refused to paint certain existing buildings and piping on the Project. As a result of JH Kelly's breach of contract, AECOM incurred $374,017 to perform this painting scope.

c.     **Delay**. Pursuant to the Subcontract, JH Kelly agreed that "time is of the essence." JH Kelly further agreed under Article 5.4.4 of the Subcontract that it would "compensate and indemnify [AECOM] for all costs and expenses arising from such delay, including any and all costs incurred by the Owner, and/or any liquidated damages or other damages that Owner may assess against Design-Builder which are attributable to Subcontractor or anyone for whom Subcontractor is responsible pursuant with Specific Conditions Section 5.7." JH Kelly breached these obligations by failing to adequately staff the job, prosecute the work in a safe and efficient manner, adjust its work flow within its own means and methods, and perform the work free from defects. As a result, AECOM incurred additional costs and expenses related to such JH Kelly caused-

delay. In addition, as the Project was not completed on the date originally planned, PG&E has withheld liquidated damages in the amount of $1.5 million from AECOM. Pursuant to the terms of the Subcontract, JH Kelly's liability for such liquidated damages is $750,000.

d. **Defective or Incomplete Work**. JH Kelly breached its obligation to "perform all construction services efficiently and with the requisite expertise, skill and competence to satisfy the requirements of the Contract Document and the project Schedule." (Article 2.3.1). It also agreed that "[i]n the event of any inconsistency, conflict or ambiguity between or among the Contract Documents, the more stringent provision of this Agreement will apply as it relates to Subcontractor's scope of Work, determined by a standard of good faith and reasonableness." (Article 1.4.2). JH Kelly's refusal to perform in scope work, its deficient performance of work, including leaking water pipe, deficient pipe coatings that failed PG&E's field quality testing, and its violations of safety rules and requirements are breaches of JH Kelly's contractual obligations. JH Kelly has also breached the Subcontract by failing to perform or defectively performing other items of work, including but not limited to, the following:

i) Heat tracing;

ii) Door repairs;

iii) Incomplete placement of rock/gravel;

iv) Omission of vapor barriers;

v) Installation of a well pump with incorrect voltage;

vi) Solar rework to realign the compressor;

vii) Balancing the compressor building exhaust louvers;

viii) Installing out of spec concrete in the Compressor Building slab foundation; and

ix) Demobilization of equipment, trailers and temporary power.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 15
AEC002-0006 5837681

e.  **Failure to Follow Subcontract Claim and Disputes Provisions**. JH Kelly also breached its express obligation to follow the dispute resolution procedures as set forth in the Subcontract and cooperate in the presentation and prosecution of its claims against PG&E.

54.  As a result of JH Kelly's breaches, AECOM has incurred damages in an amount to be proven at trial.

### IV.  SECOND CAUSE OF ACTION
### (Breach of Express Covenants of Good Faith and Fair Dealing)

55.  AECOM re-alleges and incorporates by reference herein its prior allegations set forth in paragraphs 1-54 above.

56.  Pursuant to Article 1.5.1 of the Subcontract, JH Kelly agreed "to cooperate fully" with AECOM and "proceed on the basis of trust and good faith, to permit [AECOM] to realize the benefits afforded under the Contract Documents." JH Kelly also agreed that "[i]n the event of any inconsistency, conflict or ambiguity between or among the Contract Documents, the more stringent provision of this Agreement will apply as it relates to Subcontractor's scope of Work, determined by a standard of good faith and reasonableness." (Article 1.4.2).

57.  JH Kelly has breached this covenant by interfering with AECOM's efforts to manage and timely complete the Project; by interfering with AECOM's relationship with PG&E; by failing to perform all contractual obligations necessary for AECOM to meet its obligations to PG&E; by failing to timely address and respond to request for complete documentation; by failing to negotiate in good faith or provide full documentation to AECOM on pending claims or change orders; by improperly asserting that AECOM failed to meet its obligations under the EPC Agreement or Subcontract; by inaccurately asserting that AECOM caused it to incur costs that were actually the product of acts or omissions of PG&E, all in an effort to improperly blame AECOM and/or avoid the contractual dispute resolution process; and by pursuing duplicitous litigation and claim splitting in order to avoid the contractual dispute resolution process.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 16
AEC002-0006 5837681

58.     As a result of JH Kelly's breaches of its express covenants of good faith and fair dealing, AECOM has incurred damages in an amount to be proven at trial.

### V.     THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

59.     AECOM re-alleges and incorporates by reference herein its prior allegations set forth in paragraphs 1-58 above.

60.     In addition to the foregoing express covenants of good faith and fair dealing contained in the Subcontract, the obligation of good faith and fair dealing is also implied in the Subcontract.

61.     JH Kelly has breached this covenant by interfering with AECOM's efforts to manage and timely complete the Project; by interfering with AECOM's relationship with PG&E; by failing to perform all contract obligations necessary for AECOM to meet its obligations to PG&E; by failing to timely address and respond to issues; by failing to negotiate in good faith with AECOM on pending claims or change orders construction; by improperly asserting that AECOM failed to meet its obligations under the EPC Agreement or Subcontract; by inaccurately asserting that AECOM caused it to incur costs that were actually the product of acts or omissions of PG&E in an effort to improperly blame AECOM and/or avoid the contractual dispute resolution process; and by pursuing duplicitous litigation and claim splitting in order to avoid the contractual dispute resolution process.

62.     As a result of JH Kelly's breaches of the implied covenant of good faith and fair dealing, AECOM has incurred damages in an amount to be proven at trial.

### VI.     FOURTH CAUSE OF ACTION
### (Negligence)

63.     AECOM re-alleges and incorporates by reference herein its prior allegations set forth in paragraphs 1-62 above.

64.     JH Kelly failed to perform its work with the skill and care reasonably expected of a similarly situated contractor, by failing to perform work without defects, failing to perform work in a safe manner and failing to complete the work.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 17
AEC002-0006 5837681

1    65.    As a result of JH Kelly's negligent acts, errors and omissions, AECOM has

2    incurred damages in an amount to be proven at trial.

### VII.    FIFTH CAUSE OF ACTION
### (Express Indemnity)

5    66.    AECOM re-alleges and incorporates by reference herein its prior allegations set

6    forth in paragraphs 1-65 above.

7    67.    Pursuant to Article 11.4.1 of the Subcontract, JH Kelly agreed to "indemnify,

8    hold harmless and defend [PG&E], [AECOM] . . . from and against any and all causes of action

9    demands, claims, losses, damages, and liabilities whatsoever, including attorneys' fees and

10    expenses, including but not limited to, claims for . . . property damage or destruction resulting

11    from the acts, errors or omissions of [JH Kelly], Sub-Subcontractors, anyone employed directly

12    or indirectly by any of them or anyone for whose acts any of them may be liable.

13    68.    As a result of this incident, PG&E advised AECOM that it was withholding

14    $777,701.91 for costs related to this damage.  AECOM incurred an additional $27,705 in costs

15    caused by the valve strike.  PG&E has withheld payments to AECOM and has alleged additional

16    costs related to the valve strike and for other deficient or defective work as more fully described

17    in this Cross-Complaint.  PG&E also has refused to pay AECOM any further amounts owed

18    under the EPC Agreement and has stated that the non-payment is in part due to JH Kelly's

19    overstated Claim of Lien and incomplete and/or defective work (including, but not limited to,

20    missing protective coatings on gas pipe, water leaks, and defective pavement).

21    69.    As a result of JH Kelly's negligent acts, errors and omissions, AECOM has

22    incurred damages and continues to incur damage to which it is entitled to be indemnified,

23    defended and held harmless by JH Kelly.

### VIII.    SIXTH CAUSE OF ACTION
### (Equitable Indemnity)

25    70.    AECOM re-alleges and incorporates by reference herein its prior allegations set

26    forth in paragraphs 1-69 above.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 18
AEC002-0006 5837681

71.   PG&E has withheld payments to AECOM and has alleged additional costs related to the valve strike and for other deficient or defective work as more fully described in this Cross-Complaint. PG&E also has refused to pay AECOM any further amounts owed under the EPC Agreement and has stated that the non-payment is in part due to JH Kelly's overstated Claim of Lien and incomplete and/or defective work (including, but not limited to, missing protective coatings on gas pipe, water leaks, and defective pavement). PG&E's non-payment and withholdings due to failures of JH Kelly to meet its obligations under the Subcontract have caused damage to AECOM, and JH Kelly is responsible to compensate AECOM for the same to the extent that such amounts are not specifically covered by JH Kelly's express indemnity obligations.

## IX.   SEVENTH CAUSE OF ACTION
### (Declaratory Judgment)

72.   AECOM re-alleges and incorporates by reference herein its prior allegations set forth in paragraphs 1-71 above.

73.   JH Kelly has a duty and a contractual obligation to cooperate with AECOM in the presentation and prosecution of claims that relate to the acts and omissions of PG&E, and must indemnify AECOM for any damages that are offset, withheld or awarded to PG&E for the valve strike and for JH Kelly's deficient or defective work as more fully described in this Cross-Complaint.

74.   AECOM seeks a declaration of its rights under the written subcontract with JH Kelly under California Code of Civ. Pro. 1060 that JH Kelly must comply with its contractual obligations under the Subcontract and cooperate with AECOM in the presentation and prosecution of its claims that relate to the acts and omissions of PG&E before it can proceed with any judicial action to recover damages for those claims against AECOM, as such cooperation is an express condition precedent and mandatory contractual obligation that must be exhausted before the accrual of JH Kelly's right of recovery for claims that relate to the acts and omissions of PG&E.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 19
AEC002-0006 5837681

75.   AECOM also seeks a declaration that JH Kelly's entitlement to compensation for its claims that relate to the acts and omissions of PG&E, and the amount of such compensation, will be established by a full and final determination of the amount AECOM is entitled to obtain from PG&E for such owner-related claims, as set forth in paragraph 13.3.2 of the Subcontract.

76.   Further, AECOM seeks a declaration by this Court that JH Kelly must indemnify AECOM, for any damages that are offset, withheld or awarded to PG&E for the valve strike damage caused by JH Kelly's supplier, damage caused by improperly installed water pipe and damage caused by deficient installation of asphalt.

## X.   RESERVATION OF RIGHTS

77.   AECOM specifically reserves its right to amend this Cross-Complaint, as of right or with leave of Court, for the purpose of amending the allegations contained herein and/or asserting additional facts and causes of action as appropriate.

## RELIEF REQUESTED

WHEREFORE, AECOM prays for the following relief:

**ON THE FIRST, SECOND, THIRD AND FIFTH CAUSES OF ACTION**

1.   For judgment in favor of AECOM on its Cross-Complaint and an award of damages in an amount to be proven at trial.

2.   For an award of AECOM's costs and attorneys' fees as provided for by contract or allowed by law.

3.   For prejudgment interest as provided for by contract or in the maximum rate allowable by law.

4.   For such other and further relief as the Court may deem just and proper.

**ON THE FOURTH AND SIXTH CAUSES OF ACTION**

1.   For judgment in favor of AECOM on its Cross-Complaint and an award of damages in an amount to be proven at trial.

2.   For an award of AECOM's costs and attorneys' fees as allowed by law.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 20
AEC002-0006 5837681

3.      For prejudgment interest in the maximum rate allowable by law.

4.      For such other and further relief as the Court may deem just and proper.

**ON THE SEVENTH CAUSE OF ACTION**

1.      For declaratory judgment in favor of AECOM, establishing JH Kelly's duty to cooperate in the presentation and prosecution of its owner-related claims against PG&E, duty to exhaust its mandatory contractual remedies, and duty to defend and indemnify AECOM.

2.      For an award of AECOM's costs and attorneys' fees as provided for by contract or allowed by law.

3.      For such other and further relief as the Court may deem just and proper.

DATED this 28th day of June, 2019.

                    CARNEY BADLEY SPELLMAN, P.S.


By _____
                    C. Scott Penner (SBN 124826)
                    Attorneys for Defendant AECOM Technical
                    Services, Inc.

                    AND

                    Robert M. Harding (SBN 101751)
                    Randall C. Nelson (SBN 138298)
                    Attorneys for Defendant AECOM Technical
                    Services, Inc.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 21
AEC002-0006 5837681

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of California that I am an employee at Carr, Kennedy, Peterson & Frost, over the age of 18 years, not a party to nor interested in the above-entitled action, and competent to be a witness herein. On the date stated below, I caused to be served a true and correct copy of the foregoing document on the below-listed attorney(s) of record by the method(s) noted:

☒    Email and first-class United States mail, postage prepaid, to the following:

**Mario R. Nicholas**
**Stoel Rives LLP**
**760 SW Ninth Avenue, Suite 3000**
**Portland, OR 97205**
**Attorney for Plaintiff JH Kelly, LLC**
Tel: (503) 224-3380
Fax: (503) 220-2480

☐    Legal messenger service, for delivery on _____,
to the following:

☐    Overnight mail service, for delivery on _____, to
the following:

☐    Via court e-filing website, which sends notification of such filing to the following:

☐    Other _____.

DATED this _28_ day of ___June_____, 2019.

_____
Randi Diem, Legal Assistant

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-
COMPLAINT AGAINST PLAINTIFF JH KELLY, LLC – 22
AEC002-0006 5837681